UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:14-cr-44-4 |
| ) | |
| JAKE GROSSMAN-CRIST, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER RE:
DEFENDANT'S MOTION FOR SET-OFF FROM FOREFEITURE
(Doc. 126)**

Defendant, Jake Grossman-Crist, was convicted of conspiracy to distribute 50 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). In his plea agreement he agreed to forfeit $120,000 to the United States by the time of sentencing and the court ordered forfeiture in this amount. (Docs. 91, 109.) Prior to sentencing, Grossman-Crist incurred environmental remediation costs at one of his California properties. Due to these expenditures, Grossman-Crist did not pay the full $120,000 at the time of sentencing, and now moves for the court to credit him with a set-off against the remaining unpaid sum of the court's forfeiture order. For the following reasons, the Motion for Set-off from Forfeiture (Doc. 126) is DENIED.

I.  **Background**

On April 3, 2014, Jake Grossman-Crist and three others were indicted on a charge of conspiracy to distribute 50 kilograms or more of marijuana. On August 21, 2014, a superseding indictment was filed, which added two counts of conducting a financial transaction in furtherance of a crime, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (2), against Grossman-Crist. (Doc. 43.)

On February 3, 2015, Grossman-Crist pled guilty to the charge of distribution. He admitted that he operated a growing operation in California and that he had imported substantial quantities of marijuana into Vermont, including the shipment concealed in a car trailer that

1

On February 3, 2015, Grossman-Crist pled guilty to the charge of distribution. He admitted that he operated a growing operation in California and that he had imported substantial quantities of marijuana into Vermont, including the shipment concealed in a car trailer that resulted in the charges in this case. In the plea agreement, he consented to a criminal forfeiture in the amount of $120,000. (Doc. 91 at 1, 5-6.)

On April 27, 2015, the court granted the Government's Motion for a Preliminary Order of Forfeiture in the agreed amount of $120,000. (Doc. 109.)

At sentencing on August 25, 2015, Grossman-Crist appeared with a check for $69,229 instead of the full amount of $120,000. Through counsel he explained that he had paid over $20,000 in environmental clean-up costs in California following a spill of diesel fuel at one of his grow locations. He attributed the spill to the actions of deputy sheriffs who conducted a search at the premises. He sought to reduce the forfeiture order by the amount of the clean-up costs. The court deferred entry of a final order of forfeiture in order to permit both parties to brief the issue.

Within the time allowed by the court, defense counsel filed this motion for a set-off in the amount of $22,225.68. (Doc. 126.) Counsel submitted a copy of a Notice of Violation from the Humboldt County, California Department of Health & Human Services, as well as invoices from an engineering firm and two excavating companies, documenting $22,225.68 in expenses for the clean-up efforts. (Docs. 126-1, 126-2, 126-4.)

The notice of violation issued on May 28, 2014. (Doc. 126-1 at 1.) The invoices show dates in the period of October – December 2014.[1] (Docs. 126-2, 126-4.) It is not clear when the clean-up work occurred, but it was clearly between May, 2014 and December, 2014.

II.   **Analysis**

Grossman-Crist consented to the forfeiture in this case at the time of his change of plea. Forfeiture was authorized by 21 U.S.C. § 853 respecting drug proceeds. There is no challenge in this case to the Government's authority to seek a criminal forfeiture. The only claim is that the

---

[1] One invoice is undated. (Doc. 126-3.)

amount is too great because by the time of sentencing, Grossman-Crist had spent over $22,000 on the environmental clean-up.

Except in the case of claims by third-parties who claim an interest in the property, *see United States v. Ribadeneira*, 105 F.3d 833, 834-35 (2d Cir. 1997) (quoting 21 U.S.C. § 853(n)(6)), there is no authority for reducing the final order of forfeiture to reflect payments to others. In other circuits which have considered the question, the rule is that the preliminary forfeiture order is a final order for purposes of appeal. *See United States v. Bennett*, 147 F.3d 912, 914 (9th Cir. 1998) (preliminary forfeiture order is "a final, appealable judgment as to the defendant" (internal citation omitted)); *United States v. Christunas*, 126 F.3d 765, 768 (6th Cir. 1997) ("Finally, we note that the actual effect of a preliminary forfeiture order is clearly that of a final order as to the defendant. A preliminary forfeiture order terminates all issues presented by the defendant and leaves nothing to be done except to enforce by execution what has been determined."). The Second Circuit has not ruled on this issue. Based upon the reasoning set out in *Christunas*, however, it is very likely that the time to challenge the amount of the forfeiture passed when the defendant agreed to the forfeiture and the court entered a preliminary order on a consent basis. *See* Fed. R. Crim. P. 32.2(b)(4)(A) ("At sentencing—*or at any time before sentencing if the defendant consents*—the preliminary forfeiture order becomes final as to the defendant." (emphasis added)).

Even if the issue of modification of the amount was still open at the time of sentencing, the court sees no basis for the modification. The amounts now raised as potential set-offs were known to Grossman-Crist at the time of his change of plea. This is not a case of a late-discovered shortfall or some other unexpected change in the defendant's circumstances. At sentencing he was able to produce substantially less money than he promised at the change of plea, but both off these events occurred in 2015 – months after the invoice dates for the clean-up costs. There is neither surprise nor unfairness in holding Grossman-Crist to the amount he agreed to forfeit when he entered his plea.

The only argument advanced by Grossman-Crist is that the expenditures for clean-up costs were ordered by a governmental agency and represented an expenditure of money which was consistent with the Government's purposes in this prosecution. The court does not question the good-faith of the expenditures. Cleaning up a fuel spill is important work, and Grossman-

Crist acted responsibly in paying a large sum of money to respond to a spill that he attributed to law enforcement personnel who searched and damaged his grow operation. But the court has no legal basis for tinkering with the parties' prior agreement and its own preliminary order regarding the forfeiture on the basis of other expenditures by Grossman-Crist.

### III. Conclusion

For the reasons stated above, Grossman-Crist's Motion for Set-off from Forfeiture is DENIED.

Dated at Rutland, in the District of Vermont, this 6th day of November, 2015.

Geoffrey W. Crawford, Judge
United States District Court